## STATE OF CALIFORNIA *vs.* MARSTON.

*Third Judicial District Court, July,* 1857.

OFFICIAL BOND.

An action can be maintained on an official bond, in the name of the State, for the recovery of moneys deficit in the treasury, though they belonged to the school funds, county funds, or other than State funds.

A County Treasurer is responsible for moneys which were stolen from his custody, without any negligence on his part.

This was an action brought on an official bond of Marston, as Treasurer of the County of Alameda, against Marston and his sureties. The breach alleged is that he received, as such Treasurer, $8,551 86, which he has failed to account for, and which is deficit in the treasury. Of this sum $1,395 42 belonged to the State Fund; $1,306 17 belonged to the County Fund; $419 02 belonged to the School Fund; $5,431 25 belonged to the County Building Fund.

The defendants demurred to the complaint on the ground that this action could not be maintained in the name of the State, as to the sums of money other than that belonging to the State Fund, and answered, averring as a defense that the defendant, Marston, could not account for the moneys, as they were stolen from his custody as Treasurer, without negligence on his part, and under circumstances he could not prevent.

*Blake & Clarke,* for Plaintiff.

*Pease, Hamilton & Pratt,* for Defendant.

HESTER, J., overruled the demurrer as untenable, under the conditions of the bond given to the State for the performance of duties as County Treasurer, and the duties were to safely keep and make proper returns of the State and County moneys. The answer also was no defense, as one of the duties of the Treasurer is carefully to guard against theft, for that is the most ostensible requirement for a custodian of public funds, the presumption being in favor of an officer's honesty. United States *vs.* Prescott, 3 How., 575.

Judgment for the State.